980 F.2d 730
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
E. Paul MAX-MUELLER; Jon Wallace Gumble, Plaintiffs-Appellants,
v.
Robert BROWN, Jr., et al., Defendants-Appellees.
 No. 92-1604.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1992.
 
 1
 Before KEITH and NATHANIEL R. JONES, Circuit Judges, and ALLEN, Senior District Judge.*
 
 ORDER
 
 2
 E. Paul Max-Mueller and Jon Wallace Gumble, pro se Michigan prisoners, appeal a district court judgment dismissing their civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking declaratory and injunctive relief and damages to compensate them for the cost of bringing their § 1983 action, plaintiffs sued the former Governor of Michigan and various prison officials and employees of the Michigan Department of Corrections (MDOC). The plaintiffs did not state the capacity in which they were suing the defendants. In a factually non-specific complaint, the plaintiffs essentially alleged that their constitutional rights have been violated based on MDOC policies regarding grievance procedures and mail inspection. They also alleged that they have been denied access to the courts and due process and that the defendants have interfered with their right to assist other prisoners with legal matters.
 
 
 4
 A magistrate judge concluded that the plaintiffs failed to state a claim upon which relief could be granted and recommended dismissing the complaint under Fed.R.Civ.P. 12(b)(6). After de novo review in light of the plaintiffs' objections, the district court adopted the magistrate judge's report and recommendation and dismissed the complaint.
 
 
 5
 On appeal, the appellants continue to argue the merits of their case. Both parties have filed briefs. Plaintiffs request the appointment of counsel.
 
 
 6
 Upon review, we conclude that the district court properly dismissed the plaintiffs' § 1983 complaint for failure to state a claim, as even when the factual allegations of the complaint are accepted as true, it is clear that the plaintiffs could prove no set of facts which would entitle them to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 7
 Accordingly, the plaintiffs' request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles M. Allen, Senior U.S. District Judge for the Western District of Kentucky, sitting by designation